

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-12-2007

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2316

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Chen v. Atty Gen USA" (2007). *2007 Decisions*. Paper 954.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/954

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-2316

———

YAN QING CHEN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

———

Petition for Review of an Order of
the Board of Immigration Appeals
No. A79-316-322
Immigration Judge: Rosalind Malloy

———

Submitted under Third Circuit LAR 34.1(a)

May 11, 2007

Before: RENDELL, JORDAN and ALDISERT, <u>Circuit Judges</u>.

(Filed: June 12, 2007)

_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

On March 13, 2001, Yan Qing Chen, a native and citizen of the People's Republic of China, filed an application for asylum, withholding of removal, and protection under the Convention Against Torture. Chen maintained that Chinese government officials dragged her from her home, drugged her, and forced her to undergo an abortion. After a short hearing, the Immigration Judge ("IJ") denied Chen's application and concluded that her claim was frivolous pursuant to 8 U.S.C. § 1158(d)(6). The Board of Immigration Appeals ("BIA") summarily affirmed. Chen now petitions for review of the Board's decision. For the following reasons, we will deny the Petition on all grounds.

## I.

The parties are familiar with the facts and proceedings before the BIA and the IJ, so we will only briefly revisit them here. Chen, a 32-year-old Chinese national, illegally entered the United States in the spring of 2000. Upon arriving in this country, Chen met and married another Chinese citizen, Zi Hui Tang. On May 23, 2001, she gave birth to the couple's baby daughter at Nesbitt Memorial Hospital in Kingston, Pennsylvania. Additionally in May, she filed an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

At a hearing in front of an immigration judge, Chen testified that she became pregnant in China at the age of 19. She also alleged that the Chinese government forced her to undergo an abortion and that she would face persecution if she ever returned to China on account of her desire to have more children. In support of her application, Chen

2

submitted an "abortion certificate," which purports to show that she had an abortion in China. Chen stated that she obtained the abortion certificate to prove to her parents that she had undergone an abortion procedure.

Strangely, Chen also presented medical records from her pregnancy in the United States that contradicted her testimony. A 2001 patient history form, completed by Chen's doctor, and using Chen's husband as a translator, indicates that Chen's pregnancy in China ended with a "miscarriage [at] 2 mos," not a forced abortion. App. 222. A checkbox on the same form also suggests that Chen had previously suffered a miscarriage. Id. The operative report from Chen's Cesarean section further contradicted her account of events. That form indicated Chen had never been pregnant before coming to the United States. When questioned about the discrepancy between her testimony and her medical records, Chen insisted she was telling the truth. She hypothesized that her husband mistranslated some of the complicated medical terminology.

At the conclusion of the hearing, the IJ rendered an oral decision denying the application for asylum, withholding of removal, and protection under CAT. Judge Malloy found Chen's testimony "incredible" and "fabricated." The IJ questioned the veracity of Chen's testimony surrounding the abortion certificate and her attempt to explain the information contained in the American medical records. The IJ also deemed the application frivolous under 8 U.S.C. § 1158(d)(6).

Chen appealed to the BIA, where she made two arguments: first, that she had not presented a frivolous application and, second, that the IJ erred in determining she was not

3

eligible for asylum.  On March 22, 2006, the Board summarily affirmed the IJ's decision.

Chen then filed this timely Petition for Review.  We have jurisdiction to hear the Petition

under 8 U.S.C. § 1252.

## II.

We begin our analysis with a brief discussion of the appropriate scope and

standard of review.  Where, as here, the BIA merely adopts the decision of the IJ, this

Court reviews the IJ's opinion.  See Abdulai v. Ashcroft, 239 F.3d 542, 549 n.2 (3d Cir.

2001).  On questions of fact, including credibility assessments, we limit our review to

determining whether the IJ's findings are supported by substantial evidence.  Tarrawally

v. Ashcroft, 338 F.3d 180, 184 (3d Cir. 2003).  We may decline to uphold the IJ's

decisions only where the evidence compels a contrary conclusion.  8 U.S.C. §

1252(b)(4)(B).

## III.

At the heart of the Petition for Review, Chen argues that the IJ denied her request

for asylum on the basis of an erroneous credibility determination.  Under the precedent of

this Court, aliens applying for asylum must provide credible testimony and evidence in

support of their applications for asylum.  Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir.

2002).  Here, the IJ concluded that the Chen's medical records and the "abortion

certificate" directly undermined her credibility.

In response, Chen first contends that the IJ's findings were not supported by

substantial evidence.  She argues that the IJ placed undue weight on her American

4

medical records—records that contradict themselves. The typed post-operative report from the surgeon who performed Chen's Cesarean section states that Chen had never been pregnant before coming to the United States. Her handwritten patient history form, which was completed using information that she provided to her doctor, via her husband's translation, tells a different tale. It states that Chen became pregnant in China and that her pregnancy ended in miscarriage, not an induced abortion. The reliability of this information is bolstered by a notation made in not one, but two, places. The first indication is a checkbox on the patient history form, and the second is a handwritten entry further down the page under the heading "past pregnancies." Although we acknowledge that the medical records are not a model of consistency, we do not accept Chen's argument that the IJ's decision is not supported by substantial evidence. The central point is this: every piece of evidence in these records contradicts Chen story that she suffered an intentionally induced abortion.

Chen suggests that the inconsistencies are attributable to her husband's poor command of English rather than deception. Unfortunately, there is little evidence to support Chen's contention; neither her doctor nor her husband testified at trial. We also note that Chen's husband successfully translated myriad other, equally technical, medical terms. Accordingly, we cannot say that a reasonable adjudicator would be <u>compelled</u> to find Chen's testimony credible.

Chen also argues that the IJ erred by basing the credibility determination on impermissible speculation. As noted above, the IJ did not believe Chen's explanation of

how she acquired the "abortion certificate." During the trial, Chen stated that she asked for the certificate immediately after her abortion. She elaborated, "I wanted to present that to my parents . . . . [b]ecause I was very young at the time and I need [sic] to talk to my parents and ask them what would happen after the abortion." App. 112–113. The judge found Chen's account of events "totally incredible." App. 14. We think the IJ's skepticism is understandable and does not amount to impermissible speculation. First, Chen offered no testimony to explain why her parents would need or want hospital records to confirm her abortion. Second, the Department of State's 1998 Country Conditions Report for China casts additional doubts on the unauthenticated certificate. The report states, "Documentation from China, particularly from the Fuzhou . . . area [Chen's hometown], . . . is subject to widespread fabrication and fraud. This includes documents that purportedly verify . . . births and birth control measures. . . . The existence of this fraud has been established by direct investigation by U.S. officers . . . ." App. 437. In sum, the IJ's adverse credibility determination has a reasonable basis in the record and was supported by substantial evidence.

## IV.

Chen further argues that substantial evidence does not support the IJ's finding that she failed to establish a fear of future persecution. She contends that the Chinese government will subject her to another abortion if she returns to China and becomes pregnant. This argument is utterly devoid of merit. In her testimony in front of the IJ, Chen admitted that, because she gave birth to a daughter, she could have another child in

6

China without fear of persecution.

**V.**

The more difficult issue we face is whether it was appropriate for the IJ to find

Chen's asylum application "frivolous" pursuant to 8 U.S.C. § 1158(d)(6). At the outset,

we note that "severe consequences" attach to a finding of frivolousness. Muhanna v.

Gonzales, 399 F.3d 582, 588 (3d Cir. 2005). Section 1158(d)(6) provides: "If the

Attorney General determines that an alien has knowingly made a frivolous application for

asylum and the alien has received notice under paragraph (4)(A), the alien shall be

permanently ineligible for any benefits under this chapter . . . ." 8 U.S.C. § 1158(d)(6).

An applicant is subject to the provisions of § 1158(d)(6) only if the IJ's final order

specifically finds: (1) some material aspect of the alien's claim is false; (2) the alien

knew, at the time of filing, that this material aspect of her claim was untrue; and (3) the

alien, after a sufficient opportunity to do so, failed to satisfy the IJ that any discrepancies

or implausibilities were not the result of deliberate fabrication. See 8 C.F.R. § 208.20.

We also note that under the terms of this regulation a finding of frivolousness does not

flow automatically from an adverse credibility determination. Muhanna, 399 F.3d at 589.

Although an IJ may examine the same evidence as a basis for both adverse credibility and

frivolousness rulings, the IJ must make separate and distinct determinations.

In this case, the IJ's determination of frivolousness consists of the following

statements:

> The Court finds the respondent's testimony to be totally incredible and to be

7

> fabricated based on the records from the hospital in the United States. . . . Certainly the typewritten report indicates that the pregnancy in the United States was her first pregnancy. Based on the evidence submitted, the Court finds the respondent's testimony to be incredible and fabricated. The respondent was warned of the consequences of filing a frivolous application for asylum in the United States. She was warned in July of 2002 and she was again warned today during cross examination. The respondent chose to ignore the warnings and continue with the fabricated testimony. The Court can only find that her testimony was fabricated and she presented a frivolous application for asylum in the United States.

App. 14. Such findings satisfy the mandate of 8 C.F.R. § 208.20. As noted above, the basis of Chen's asylum claim is that Chinese officials dragged her from her home and subjected her to a forced abortion. Unfortunately for Chen, the IJ found that the American medical records she submitted at the hearing directly contradicted her testimony. On this basis, the IJ determined that Chen fabricated her story. Chen was given ample opportunity to modify her testimony or to present evidence explaining the contradictions, but chose not to do so. In light of the obvious and unexplained contradiction at the heart of the case, we conclude that substantial evidence supports the IJ's finding that Chen fabricated a material element of her application. Accordingly, we will deny the Petition with regard to the frivolousness determination.

## VI.

Chen petitions this Court to review a slew of other issues, including her claim for protection under CAT, her application for withholding of removal, whether the IJ ignored the possibility she would suffer imprisonment in China, and whether the IJ violated her rights under the Due Process Clause. The government argues that we do not have

8

jurisdiction to hear Petitioner's contentions because she did not raise them before the BIA. We agree.

As a general rule, an alien must exhaust all of her administrative remedies before raising a claim before this Court. 8 U.S.C. § 1252(d)(1); <u>Bonhometre v. Gonzales</u>, 414 F.3d 442, 447 (3d Cir. 2005); <u>Yan Lan Wu v. Ashcroft</u>, 393 F.3d 418, 422 (3d Cir. 2005). To exhaust a claim, an alien must first raise the issue before the BIA, <u>Alleyne v. INS</u>, 879 F.2d 1177, 1182 (3d Cir. 1989), so as to give the Board "the opportunity to resolve a controversy or correct its own errors before judicial intervention." <u>Zara v. Ashcroft</u>, 383 F.3d 927, 931 (9th Cir. 2004). A petitioner is deemed to have exhausted his administrative remedies "so long as an immigration petitioner makes some effort, however insufficient, to place the [BIA] on notice of a straightforward issue being raised on appeal." <u>Yan Lan Wu</u>, 393 F.3d at 422. After a thorough search of the record, we find no evidence that Chen presented the BIA with any argument on the above-mentioned issues. Accordingly, this Court lacks jurisdiction to consider Chen's arguments.

\* \* \* \* \* \*

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. Accordingly, the Petition for Review will be denied.

———